UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 15-0377 (DFMx) | Date | April 30, 2015 |
|---|---|---|---|
| Title | ROBERT STEVEN GOLDMAN, et al. v. RUSHMORE LOAN MANAGEMENT SERVICES, LLC, et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** [IN CHAMBERS] ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION

Plaintiffs Robert Steven Goldman and Lauren Dawn Goldman (collectively, "Plaintiffs") filed this action in state court against Defendants Rushmore Loan Management Services, LLC; Attorney Lender Services; and Wells Fargo Bank, N.A. (collectively, "Defendants") asserting state law claims. (Notice of Removal, Dkt. No. 1, Ex. A.) Defendants removed this action under 28 U.S.C. section 1332(a) asserting that diversity jurisdiction exists.

The Court has concerns whether diversity jurisdiction exists.

**SUBJECT MATTER JURISDICTION**

Courts have diversity jurisdiction over cases where there is complete diversity of parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. "Federal courts 'jealously' guard their own jurisdiction and, where appropriate, will dismiss a case for lack of subject matter jurisdiction even if the issue is not raised by the parties." *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 560 (C.D. Cal. 2005) (citing *In re Mooney,* 841 F.2d 1003, 1006 (9th Cir. 1988)). To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0377 (DFMx) | Date | April 30, 2015 |
|---|---|---|---|
| Title | ROBERT STEVEN GOLDMAN, et al. v. RUSHMORE LOAN MANAGEMENT SERVICES, LLC, et al. | | |

2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

Concerning the amount in controversy requirement, Defendants argue that "plaintiffs seek to enjoin defendants from enforcing its rights under the $781,500 loan and securing deed of trust, including the right to foreclose. Plaintiffs therefore places [sic] the entire $781,500 loan and securing deed of trust at issue, far exceeding the $75,000 amount-in-controversy threshold." (Notice of Removal, Dkt. No. 1, at 7.) But the Court is not convinced that the full value of the loan is the accurate measure of the amount in controversy in this case. *See Olmos v. Residential Credit Solutions*, 2015 WL 1240347 (C.D. Cal. Mar. 16, 2015).

Accordingly, the Court ORDERS Defendants to show cause in writing within 14 days of this Order why this action should not be remanded, supporting its assertions with an assessment of the amount in controversy consistent with this Order. Defendants' response should also specifically address the *Olmos* decision. Plaintiff may submit a response within seven days of Defendants' filing. Alternatively, Defendants may stipulate to a remand.

: 0

Initials of Preparer   lmb